

# NUMBER 13-22-00111-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

ANTONIO ALVARENGA,                                           Appellant,

v.

THE STATE OF TEXAS,                                          Appellee.

## On appeal from the 464th District Court of Hidalgo County, Texas.

## MEMORANDUM OPINION

**Before Chief Justice Contreras and Justices Benavides and Longoria
Memorandum Opinion by Chief Justice Contreras**

Appellant Antonio Alvarenga was convicted of aggravated sexual assault of a child, a first-degree felony. *See* TEX. PENAL CODE ANN. § 22.021(a)(2)(B). Punishment was assessed at thirty-five years' imprisonment. Appellant's court-appointed appellate counsel has filed a brief stating that there are no arguable grounds for reversal of the judgment. *See Anders v. California*, 386 U.S. 738 (1967). Appellant has filed a pro se

response. We affirm.

## I.  *ANDERS* BRIEF & PRO SE RESPONSE

Appellant's counsel states in her brief that she has diligently reviewed the entire record and has concluded that "there are no arguable grounds of error upon which an appeal can be predicated." *See id.*; *High v. State*, 573 S.W.2d 807, 813 (Tex. Crim. App. [Panel Op.] 1978). Counsel's brief meets the requirements of *Anders* as it presents a thorough, professional evaluation showing why there are no arguable grounds for advancing an appeal. *See In re Schulman*, 252 S.W.3d 403, 407 n.9 (Tex. Crim. App. 2008) (orig. proceeding) ("In Texas, an *Anders* brief need not specifically advance 'arguable' points of error if counsel finds none, but it must provide record references to the facts and procedural history and set out pertinent legal authorities."); *Stafford v. State*, 813 S.W.2d 503, 510 n.3 (Tex. Crim. App. 1991).

In compliance with *Kelly v. State*, 436 S.W.3d 313, 319 (Tex. Crim. App. 2014), counsel has carefully discussed why, under controlling authority, there is no reversible error in the trial court's judgment. Counsel has informed this Court that she has: (1) notified appellant that she has filed an *Anders* brief and a motion to withdraw; (2) provided appellant with copies of both pleadings; (3) informed appellant of his rights to file a pro se response, to review the record prior to filing that response, and to seek discretionary review if we conclude that the appeal is frivolous; and (4) provided appellant with a form motion for pro se access to the appellate record. *See Anders*, 386 U.S. at 744; *Kelly*, 436 S.W.3d at 319–20.

Appellant timely filed a pro se motion for access to the appellate record, which we

2

granted. Subsequently, appellant filed a pro se "brief"[1] arguing the following: (1) he was denied the right to counsel at his arraignment; (2) the trial court violated his "right to a competency examination by a doctor of creditable standing"; (3) the evidence was insufficient to support his conviction because the outcry witness, a physician's assistant who examined the victim, testified "that the crime happened in Honduras, and not the United States"; (4) he was denied his right to a fair sentencing trial because the trial court "specified that [he] will be getting [g]ood [c]onduct [t]ime that may be added to his sentence in order to allow him to get released out of prison sooner rather than later"; and (5) his trial counsel provided ineffective assistance because he "knew that [a]ppellant is [m]ildly retarded and never once asked for a competency evaluation."

## II.    INDEPENDENT REVIEW

Upon receiving an *Anders* brief, we must conduct a full examination of all the proceedings to determine whether the appeal is wholly frivolous. *Penson v. Ohio*, 488 U.S. 75, 80 (1988). When appellate counsel files an *Anders* brief and the appellant independently files a pro se response, we are "not required to review the merits of each claim raised" therein. *Bledsoe v. State*, 178 S.W.3d 824, 827 (Tex. Crim. App. 2005). Rather, we must merely determine if there are any arguable grounds for appeal. *Id.* If we determine there are such arguable grounds, we must remand for appointment of new counsel. *Id.* (noting that, "[i]f the court of appeals were to review the case and issue an

---

[1] We note that an appellant's pro se response following the filing of an *Anders* brief "need not comply with the rules of appellate procedure in order to be considered. Rather, the response should identify for the court those issues which the indigent appellant believes the court should consider in deciding whether the case presents any meritorious issues." *In re Schulman*, 252 S.W.3d 403, 409 n.23 (Tex. Crim. App. 2008).

opinion which addressed and rejected the merits raised in a pro se response to an *Anders* brief, then Appellant would be deprived of the meaningful assistance of counsel").

We have reviewed the record, counsel's brief, and appellant's pro se response, and we have found no arguable reversible error. *See id.* at 827–28 ("Due to the nature of *Anders* briefs, by indicating in the opinion it considered the issues raised in the brief and reviewed the record for reversible error but found none, the court of appeals met the requirements of Texas Rule of Appellate Procedure 47.1."); *Stafford*, 813 S.W.2d at 509.[2]

### III.    MOTION TO WITHDRAW

In accordance with *Anders*, appellant's court-appointed appellate counsel has filed a motion to withdraw. *See Anders*, 386 U.S. at 744; *see also In re Schulman*, 252 S.W.3d at 408 n.17 (citing *Jeffery v. State*, 903 S.W.2d 776, 779–80 (Tex. App.—Dallas 1995, no pet.) ("If an attorney believes the appeal is frivolous, he must withdraw from representing the appellant. To withdraw from representation, the appointed attorney must file a motion to withdraw accompanied by a brief showing the appellate court that the appeal is frivolous." (citations omitted))). We grant the motion to withdraw.

Counsel is ordered to send a copy of the opinion and judgment to appellant, and to advise him of his right to file a petition for discretionary review, within five days of the date of this opinion.[3] *See* TEX. R. APP. P. 48.4; *see also In re Schulman*, 252 S.W.3d at

---

[2] We note that challenges requiring development of a record to substantiate a claim, such as ineffective assistance of counsel, may be raised in an application for writ of habeas corpus. *See* TEX. CODE CRIM. PROC. ANN. art. 11.07; *Mitchell v. State*, 68 S.W.3d 640, 642 (Tex. Crim. App. 2002). An application for writ of habeas corpus relief would "provide an opportunity to conduct a dedicated hearing to consider the facts, circumstances, and rationale behind counsel's actions at . . . trial." *Thompson v. State*, 9 S.W.3d 808, 814–15 (Tex. Crim. App. 1999); *see Lopez v. State*, 343 S.W.3d 137, 143 (Tex. Crim. App. 2011) ("This Court has repeatedly stated that claims of ineffective assistance of counsel are generally not successful on direct appeal and are more appropriately urged in a hearing on an application for a writ of habeas corpus.").

[3] No substitute counsel will be appointed. Should appellant wish to seek further review by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review or file

412 n.35; *Ex parte Owens*, 206 S.W.3d 670, 673 (Tex. Crim. App. 2006).

## IV.    CONCLUSION

The trial court's judgment is affirmed.

DORI CONTRERAS<br>
Chief Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed on the
17th day of August, 2023.

---

a pro se petition for discretionary review. Any petition for discretionary review must be filed within thirty days from the date of either this opinion or the last timely motion for rehearing that was overruled by this Court. *See* TEX. R. APP. P. 68.2. Any petition for discretionary review must be filed with the clerk of the Texas Court of Criminal Appeals, *see* TEX. R. APP. P. 68.3(a), and must comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure. *See* TEX. R. APP. P. 68.4.